THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
Case Number: 1:21-cv-00011

| | |
|---|---|
| RHONDA HAMPTON, on behalf of herself and all others similarly situated, ) ) ) | **COMPLAINT -- CLASS ACTION** |
| ) | |
| Plaintiff, ) | **JURY TRIAL DEMANDED** |
| ) | |
| vs. ) | |
| ) | |
| MONARCH RECOVERY MANAGEMENT, INC. ) ) | |
| ) | |
| Defendant. ) | |

## I. INTRODUCTION

1. This action is brought by Plaintiff Rhonda Hampton, on behalf of herself and all others similarly situated, for statutory damages and civil penalties against Defendant Monarch Recovery Management, Inc., for violation of the Fair Debt Collection Practices Act, 15 U.S.C. §§1692 *et seq.* (hereinafter referred to as "FDCPA"), and the North Carolina Collection Agency Act, N.C.Gen.Stat. §§ 58-70-1 *et seq.* ("NCCAA"), which prohibit debt collectors and collection agencies from engaging in abusive, deceptive, or unfair practices, from threatening action not permitted by law, and which require the communication of specific statutory rights.

2. As shown below, Defendant's form collection letter fails to adequately disclose to consumers certain statutory rights that the FDCPA expressly requires Defendant provide to consumers. Defendant's collection letter limits the rights provided by the FDCPA. Defendant chose unilaterally to narrow the least sophisticated consumer's broad right to notify a debt collector – orally or in writing – that a debt is disputed. Defendant chose this conduct despite it being plainly inconsistent with Fourth Circuit precedent.

## II. JURISDICTION

3. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331. Jurisdiction of this Court over the state law claim arises under 28 U.S.C. § 1367. Venue is proper in this district as all relevant events took place here.

## III. PARTIES

4. Plaintiff Rhonda Hampton is an individual who resides in Durham, North Carolina.

5. Ms. Hampton allegedly owed a debt to Synchrony Bank.

6. Ms. Hampton is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a(3).

7. Ms. Hampton is a "consumer" as defined by the NCCAA, N.C.Gen.Stat.

§ 58-70-90(2).

8. Defendant Monarch Recovery Management, Inc. is a corporation and collection agency with its principal office in Bensalem, Pennsylvania.

9. Defendant is engaged in the collection of debts from consumers using the mail and telephone.

10. Defendant regularly attempts to collect consumer debts alleged to be due to another.

11. Defendant engages, directly or indirectly, in debt collection from consumers.

12. Defendant holds a collection agency permit issued by the North Carolina Department of Insurance.

13. Defendant was and is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

14. Defendant was and is a "collection agency" as defined by the NCCAA, N.C.Gen.Stat. §§ 58-70-15(a) and 58-70-90(1)..

## IV. FACTUAL ALLEGATIONS

### A. Plaintiff Rhonda Hampton

15. Ms. Hampton had a Sam's Club credit card account issued by

Synchrony Bank.

16. Ms. Hampton allegedly owed a past-due balance on the Sam's Club credit card account issued by Synchrony Bank ("the Debt").

17. The Debt was incurred for personal, family, or household purchases; *i.e.*, groceries, household items, and automobile gasoline.

18. The Debt entered default.

19. Subsequent to the Debt entering default, Defendant was retained or otherwise requested to attempt to collect the Debt.

20. By correspondence dated January 7, 2020, Defendant arranged for the preparation and transmittal of a letter to Ms. Hampton at her residence in an attempt to collect the Debt. A copy of Defendant's January 7, 2020, letter to Ms. Hampton is attached hereto as <u>Exhibit A</u>.

21. <u>Exhibit A</u> referred to the Debt.

22. <u>Exhibit A</u> contains, "This is to advise you that your account has been transferred to our office for collection by SYNCHRONY BANK." <u>Exhibit A</u>.

23. <u>Exhibit A</u> contains :

> Unless you notify this office in writing within 30 days after receiving this notice that you dispute the validity of this debt, or any portion thereof, this office will assume

that this debt is valid.

24. <u>Exhibit A</u> was the initial communication from Defendant to Ms. Hampton regarding the Debt.

25. <u>Exhibit A</u> was sent by Defendant in an attempt to collect the Debt.

26. Defendant did not send an additional written communication to Ms. Hampton regarding the Debt within five days of sending <u>Exhibit A</u>.

27. <u>Exhibit A</u> requires the consumer to dispute the debt in writing to prevent Defendant from assuming the debt is valid.

28. During a period of time that included January 7, 2020, it was Defendant's usual practice to include the following sentence in its initial communications sent to consumers from whom it attempted to collect debts:

> Unless you notify this office in writing within 30 days after receiving this notice that you dispute the validity of this debt, or any portion thereof, this office will assume that this debt is valid.

29. During a period of time that included January 7, 2020, it was Defendant's usual practice not to send an additional written communication to consumers from whom it attempted to collect debts within five days of sending the initial written communication.

30. During a period of time that included January 7, 2020, it was

Defendant's usual practice to send initial written communications to consumers from whom it attempted to collect debts that required those consumers to dispute the debt in writing to prevent Defendant from assuming that the debt is valid.

31. As explained below, and as found by the Second, Fourth, and Ninth Circuits, the FDPCA affords consumers the right to dispute the debt to prevent the collector from assuming the debt is valid, and that dispute may be made orally or in writing. Defendant's <u>Exhibit A</u> narrows the least sophisticated consumer's right to dispute the debt to a right to dispute it only in writing. Indeed, a writing requirement was unilaterally imposed by Defendant – a requirement that violates the FDCPA.

32. The above-described collection conduct by and communications from Defendant were deceptive, misleading, unfair, and illegal communications in an attempt to collect alleged debts from Plaintiff and the putative class members, all done in violation of numerous provisions of the FDCPA and NCCAA.

33. These violations by Defendant were knowing, willful, negligent and/or intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violations.

34. Defendant's collection efforts with respect to the alleged debts caused

Plaintiff and the putative class members to suffer concrete and particularized harm because the FDCPA provides Plaintiff and the putative class members each with the legally protected right to be treated fairly and truthfully with respect to any action for the collection of any consumer debt.

35. Defendant's collection efforts with respect to the alleged debts caused Plaintiff and the putative class members to suffer concrete and particularized harm because the FDCPA provides Plaintiff and the putative class members with legally protected rights and places the burden on Defendant to communicate those rights honestly and accurately to Plaintiff and the putative class members, which Defendant deliberately chose not to do.

36. Defendant's deceptive, misleading and unfair collection communications were deliberate and material misrepresentations of the law that affected and frustrated Plaintiff's and the putative class members' ability to intelligently respond to Defendant's collection efforts because the rights afforded by the FDCPA not communicated to them honestly and accurately by Defendant.

37. Plaintiff demands a trial by jury over all claims.

**B.     The Fair Debt Collection Practices Act**

38. "In interpreting the demands of the FDCPA, we bear in mind that the

statute was enacted 'to eliminate abusive debt collection practices', which 'contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.' 15 U.S.C. § 1692(a), (e)." *Miller v. Payco-General American Credits, Inc.*, 943 F.2d 482, 483-84 (4th Cir. 1991).

39. "The FDCPA protects consumers from abusive and deceptive practices by debt collectors, and protects non-abusive debt collectors from competitive disadvantage. 15 U.S.C. § 1692(e). Section 1692e forbids the use of 'any false, deceptive, or misleading representation or means' in debt collection, and provides a non-exhaustive list of prohibited conduct, including:*** (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." *United States v. National Financial Servs.*, 98 F.3d 131, 135 (4th Cir. 1996).

40. Violations of Section 1692e are viewed from the perspective of the "least sophisticated consumer." *National Financial Servs.*, 98 F.3d at 135-36. "[E]valuating debt collection practices with an eye to the 'least sophisticated consumer' comports with basic consumer-protection principles." *Id.* at 136. The purpose of that standard "is to ensure that the FDCPA protects all consumers, the gullible as well as the

shrewd." *Id.* at 136 *quoting Clomon v. Jackson*, 988 F.2d 1314, 1318 (2nd Cir. 1983).

41. Section 1692g(a) expressly requires all debt collectors to communicate five pieces of information to every consumer.

> Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—
>
> (1) the amount of the debt;
>
> (2) the name of the creditor to whom the debt is owed;
>
> (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
>
> (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
>
> (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

Page 9

15 U.S.C. § 1692g(a); *see Clark v. Absolute Collection Serv.*, 741 F.3d 487, 490 (4th Cir. 2014).

42. That the FDCPA places an affirmative duty upon debt collectors to adequately convey those important rights to the least sophisticated consumer makes Defendant's violation particularly egregious.

43. To prevent the debt collector from assuming the debt to be valid, the FDCPA requires the consumer to dispute the debt - orally or in writing. 15 U.S.C. § 1692g(a)(3). Indeed, Section 1692g(a)(3) does not contain a writing requirement. However, Defendant's use of its form letter, represented here by Exhibit A, eliminates the consumer's statutory right to dispute the debt orally by unilaterally imposing a written dispute requirement to prevent the assumption of validity. *See Clark v. Absolute Collection Serv.*, 741 F.3d 487, 491 (4th Cir. 2014); *Hooks v. Forman*, 717 F.3d 282, 286 (2d Cir. 2013); *Camacho v. Bridgeport Financial, Inc.*, 430 F.3d 1078, 1082 (9th Cir. 2005).

44. "The right to dispute a debt is the most fundamental of those set forth in § 1692g(a), and it was reasonable to ensure that it could be exercised by consumer debtors who may have some difficulty with making a timely written challenge."

*Hooks*, 717 F.3d at 286.

45. "In line with the Second and Ninth Circuits, we find that the FDCPA clearly defines communications between a debt collector and consumers. Sections 1692g(a)(4), 1692g(a)(5), and 1692g(b) explicitly require written communication, whereas section 1692g(a)(3) plainly does not." *Clark*, 741 F.3d at 490.

### C. The North Carolina Collection Agency Act

46. The NCCAA shares similar purposes and provisions with the FDCPA, including the prohibition of false, deceptive, and misleading representations, *cf* N.C.Gen.Stat. § 58-70-110 and 15 U.S.C. § 1692e, and unfair practices. *Cf.* N.C.Gen.Stat. § 58-70-115 and 15 U.S.C. § 1692f. As such, the FDCPA standards established by the Fourth Circuit may be used as a model for analyzing collection agency communications under the NCCAA. *See DIRECTV, Inc. v. Cephas*, 294 F. Supp. 2d 760, 763 (M.D.N.C. 2003). *See supra*, ¶¶ 29-31.

47. North Carolina "hold[s] debt collection agencies regulated under Chapter 58 to a higher standard ... than the standard to which other entities engaged in debt collection are held under" other state statutes. *Simmons v. Kross Lieberman & Stone, Inc.*, 746 S.E.2d 311, 316 (N.C.Ct.App. 2013).

48. Plaintiff brings this action against Defendant under Section 58-70-130(b) of the NCCAA, "which authorizes debtors to recover a statutory penalty of between $500 to $4,000 for each violation of the Act by a debt collector." *Townes v. Portfolio Recovery Associates, LLC*, ___ N.C.App. ___, ___ S.E.2d ___, Case # COA20-78, p. 7 (N.C.Ct.App., Dec. 31, 2020).

## V. DEFENDANT'S POLICIES AND PRACTICES

49. It is the standard policy and practice of Defendant to state that a consumer's dispute of the alleged debt must be "in writing" in order to prevent the assumption of validity.

50. It is the standard policy and practice of Defendant to eliminate the consumer's statutory right to dispute the debt orally by unilaterally imposing a written dispute requirement to prevent the assumption of validity.

51. It is the standard policy and practice of Defendant to use false, deceptive, or misleading representations or means in connection with the collection of any debt.

52. It is the standard policy and practice of Defendant to threaten any action not permitted by law.

53. It is the standard policy and practice of Defendant to attempt to collect a debt from the consumer by means of any unfair threat, coercion or attempt to coerce.

## VI. CLASS ACTION ALLEGATIONS

54. This action is brought as a class action. Plaintiff defines the class as (i) all persons with addresses within the state of North Carolina (ii) who were sent a letter from Monarch Recovery Management, Inc. in the form of Exhibit A (iii) to recover a debt (iv) incurred for personal, family, or household purposes (v) which were not returned undelivered by the United States Postal Service (vi) during the period of time one-year prior to the filing of this Complaint through the date of class certification.

55. The class is so numerous that joinder of all members is impractical. *See* Fed.R.Civ.P. 23(a)(1).

56. Defendant sent letters in the form of Exhibit A to more than 50 persons with addresses in the state of North Carolina to recover a debt incurred for personal, family, or household purposes which were not returned undelivered by the United States Postal Service during the period of time one-year prior to the filing of this

Complaint through the date of class certification.

57. There are questions of law and fact common to the class. *See* Fed.R.Civ.P. 23(a)(2). The principal issue is whether Defendant violated the FDCPA and NCCAA by:

> A) falsely representing that a consumer's dispute of the alleged debt must be "in writing" to avoid the assumption of validity, in violation of 15 U.S.C. § 1692g(a)(3);
>
> B) threatening to take any action not permitted by law, in violation of 15 U.S.C. § 1692e(5) and N.C.Gen.Stat. § 58-70-95(8);
>
> C) using false, deceptive, or misleading representations or means in connection with the collection of any debt, in violation of 15 U.S.C. § 1692e and e(10) and N.C.Gen.Stat. § 58-70-110.

58. There are no individual questions, other than whether a class member was sent a letter in the form of <u>Exhibit A</u>, which can be determined by ministerial inspection of Defendant's records. *See* Fed.R.Civ.P. 23(a)(3).

59. Plaintiff's claims are typical of the claims of the class, which all arise from the same operative facts and are based on the same legal theories. *See* Fed.R.Civ.P. 23(a)(3).

60. A class action is a superior method for the fair and efficient adjudication of this controversy. *See* Fed.R.Civ.P. 23(a)(3). Class-wide damages are essential to

induce Defendant to comply with Federal law and not continue to materially and wrongfully alter the portion of its letters intended to communicate specific rights to consumers, as required by the FDCPA. Without the availability of adequate representation, the interest of class members in individually controlling the prosecution of separate claims against Defendant is small because the maximum statutory damages in an individual FDCPA action is $1,000.00. Additionally, management of these class claims are likely to present significantly fewer difficulties than those presented in many class actions, *e.g.*, for securities fraud.

61. Plaintiff will fairly and adequately protect the interests of the class. She has no interests that are contrary to those of the class members. *See* Fed.R.Civ.P. 23(a)(4).

62. Plaintiff has retained counsel experienced in handling class claims and claims involving unlawful collection practices. *See* Fed.R.Civ.P. 23(a)(4).

63. The questions of law and fact common to the class predominate over any issues involving only individual class members. *See* Fed.R.Civ.P. 23(b)(3). Indeed, the principal issue is whether Defendant's letter in the form of Exhibit A violates the FDCPA, 15 U.S.C. § 1692 *et seq* and NCCAA, N.C.Gen.Stat. §§ 58-70-1

*et seq*.

## VII. <u>COUNT ONE – FAIR DEBT COLLECTION PRACTICES ACT</u>

64. Plaintiff repeats, realleges, and incorporates by reference the foregoing paragraphs.

65. Defendant's violations of the FDCPA include, but are not limited to:

   A. using any false, deceptive, or misleading representation or means in connection with the collection of any debt in violation of 15 U.S.C. §§ 1692e and e(10);

   B. threatening to take any action not permitted by law, in violation of 15 U.S.C. § 1692e(5); and

   C. falsely representing that a consumer's dispute of the alleged debts must be "in writing", in violation of 15 U.S.C. § 1692g(a)(3).

66. As a result of Defendant's violations of the FDCPA, Plaintiff and the class members are entitled to an award of statutory damages, costs, and reasonable attorney fees.

## XIII. <u>COUNT TWO - NORTH CAROLINA COLLECTION AGENCY ACT</u>

67. Plaintiff repeats, realleges, and incorporates by reference the foregoing paragraphs.

68. Defendant's violations of the NCCAA include, but are not limited to:

  A. collect[ing] or attempt[ing] to collect a debt alleged due and owing from a consumer by means of any unfair threat, coercion or attempt to coerce, in violation of N.C.Gen.Stat. § 58-70-95;

  B. threatening to take any action not permitted by law, in violation of N.C.Gen.Stat. § 58-70-95(8); and

  C. collect[ing] a debt by fraudulent, deceptive or misleading representation, in violation of N.C.Gen.Stat. § 58-70-110.

69. As a result of Defendant's violations of the NCCAA, Plaintiff is entitled to an award of civil penalties, costs, and reasonable attorney fees.

//

//

//

//

//

//

//

//

//

//

Page 17

## IX. REQUEST FOR RELIEF

WHEREFORE, Plaintiff Rhonda Hampton requests that judgment be entered in her favor and in favor of the class against Defendant for:

- A. Certification of this matter as a class action with Ms. Hampton appointed class representative and her counsel appointed class counsel;

- B. Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2);

- C. Civil penalties pursuant to N.C.Gen.Stat. § 58-70-130(b);

- D. Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k(a)(3) and N.C.Gen.Stat. § 75-16.1; and

- E. For such other relief as the Court may find to be just and proper.

January 5, 2021

/s/ Craig M. Shapiro
Craig M. Shapiro (State Bar # 48887)
Koury L. Hicks (State Bar # 36204)
Law Offices of John T. Orcutt, P.C.
1738 Hillandale Rd, Suite D
Durham, North Carolina 27705
(919) 286-1695
cshapiro@johnorcutt.com
khicks@johnorcutt.com

ATTORNEYS FOR PLAINTIFF

Page 18

Case 1:21-cv-00011-TDS-LPA   Document 1   Filed 01/05/21   Page 18 of 18